

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 25, 1972

Honorable J. W. Edgar                    Opinion No. M-1072
State Commissioner of Education
201 East Eleventh Street          Re:   Legality of adoption
Austin, Texas  78701                    by Independent School
                                        District of Home Rule
                                        City's ordinance pro-
                                        viding a 10% penalty on
Dear Mr. Edgar:                         delinquent taxes.

Your request for an official opinion is quoted as follows:

> "Pursuant to the provisions of Article 1066b,
> Vernon's Civil Statutes, as amended, taxes of
> the Wichita Falls Independent School District
> are assessed and collected by the City of Wich-
> ita Falls.
>
> "By Ordinance No. 2680 (passed November 2, 1971),
> the City of Wichita Falls has increased penalty
> charged by it for delinquent taxes from 8% to 10%.
>
> "The Wichita Falls Independent School District
> board desires to adopt the ordinance allowing
> collection by or for said school district of a
> 10% delinquent tax penalty, if not prohibited by
> the limit in Article 7336, V.C.S., or any other
> statute.
>
> "The Board of Trustees of the Wichita Falls Inde-
> pendent School District has by resolution requested
> me to submit for consideration and opinion of the
> Office of Attorney General re the following:
>
> "The legality of increasing penalty on delinquent
> school taxes of the Wichita Falls district from
> 8% to 10%--whose taxes are collected pursuant to
> authority exercised under Article 1066b, V.C.S.,
> as amended."

-5253-

Undoubtedly, the crux of the problem posed by your question is whether Section 1b of Article 1066b, which gives a city assessing and collecting taxes for another district or municipality, the option to collect such taxes in installments as allowed by Article 7336, or in lump sums with an 8% delinquency penalty limit, is a limitation on the powers granted in Section 1a of such Article. This latter Section grants to any municipality or district taking advantage of the act in question (Art. 1066b) the right to adopt any law of the State or charter provision or ordinance applicable to the levying, assessing and collecting of taxes by the district of municipality rendering the tax service.

It is apparent that Sections 1a and 1b of Article 1066b serve dual functions within the framework of the Act, i.e., to achieve uniform and economical collection procedures. Sec. 1a allows the participating municipalities or districts to adopt by ordinance or resolution any applicable law of the State, and, as well, any ordinance or charter provision of each other which are applicable to the levying, assessing and collecting of taxes, in order that such tax services may be performed in a uniform and economical manner. Sec. 1b, on the other hand, applies only to the agency performing the tax services for another, and then only when such active agency is a city. This section is plainly a grant of extra power to cities participating under the terms of Article 1066b who perform these tax services for other cities or districts. The authority here given to such cities is the unilateral option to collect such taxes for themselves and the other participating municipalities and districts according to the general tax collection laws prescribed by Article 7255 and 7336 (which permit installment payments) or by the exclusive lump sum payment plan prescribed as an alternative by Sec. 1b of Article 1066b.

Obviously, this extra power given the City chosen to serve as assessor, collector and Board of Equalization in tax matters for the other participants, further serves the stated purpose of uniformity and economy as expressed in Section 1a of Article 1066b. However, this option on the part of such participating cities is merely permissive and they are not

---

(All Articles and Sections thereof herein referred to are Vernon's Civil Statutes.)

obliged to exercise such right. Neither are the alternative tax procedures of Sec. 1b of Article 1066b exclusive of other procedures allowed by law to be chosen by the participating members.

Thus, the City of Wichita Falls, being governed under a Home Rule Charter, can serve as a tax agent for the Wichita Falls Independent School District while using its own charter provisions and ordinances relating to the assessing and collecting of taxes. Furthermore, by authority given by Sec. 1a of Article 1066b the Wichita Falls Independent School District can adopt the City's said Charter provisions and ordinances relating to the assessing and collecting of taxes.

It appears from the material furnished with your request that the Charter under which the City of Wichita Falls is operating allows a penalty of not more than 10% on the City's delinquent ad valorem taxes. While an Independent School District has no power of its own to set penalties or interest on its delinquent taxes, it may adopt all provisions of state and county laws on taxation that may be applicable (Art. 7337); and if, as is desired in this instance, it takes advantage of the provisions of Article 1066b, it may by ordinance or resolution adopt all or any part of the Charter or ordinances applicable to the levying, assessing and collecting of taxes, of the City rendering the tax service. (Sec. 1a, Art. 1066b).

Hence, it is the opinion of this office that the Wichita Falls Independent School District, whose taxes are assessed and collected by the City of Wichita Falls pursuant to authority exercised under Article 1066b, may adopt the City's Ordinance allowing the collection of a 10% penalty on delinquent taxes, thus equalizing the legal penalty on delinquent taxes of the City and the school district at 10%.

## SUMMARY

The adoption by Wichita Falls Independent School District of the Home Rule City of Wichita

Falls' tax ordinance, will authorize the City
to collect its and the school district's delin-
quent taxes at a penalty rate of ten (10%) per
cent.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by R. L. Lattimore
Assistant Attorney General

APPROVED:

OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

James Broadhurst
Harriet Burke
James McCoy
Malcolm Quick

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant